Hillsborough, } No. 3313.
March 3, 1942. }

ALBIA DESROSIERS *v.* WILLIAM CLOUTIER.
LUDGER DESROSIERS *v.* SAME.
BLANCHE BERGERON *v.* SAME.

*Ivory C. Eaton* (by brief and orally), for the plaintiffs Desrosiers.

*Robert J. Doyle* (by brief and orally), for the plaintiff Bergeron.

*Wason, Guertin & Leahy* (*Mr. Guertin* orally), for the defendant.

PAGE, J.  The plaintiff women were the guest passengers of the defendant.  Since the accident happened in Massachusetts, the right of recovery depends upon whether there was evidence to warrant a finding that the defendant was grossly negligent.  *Lee v. Chamberlin*, 84 N. H. 182.

The defendant was driving southerly at a speed of about forty-five miles an hour, according to the testimony of the plaintiffs.  He saw a flare about four feet in on the right hand lane, drove by it, without slackening his speed, and crashed into a truck that was parked beyond the flare.  His passengers did not see the truck.

The defendant admitted that the flare indicated danger, what kind of danger he did not know.  He did not see the truck until it was like a stone wall in front of him.  The flare was seventy-five feet from the truck.  He had "very good lights . . . perfect."  Asked

what prevented him from seeing the truck at seventy-five feet, he said, "That is something I don't know." He said that there were oncoming cars, but he was not blinded. He claimed that he slowed down to fifteen or twenty miles an hour to pass the flare, and said that he could have stopped within three feet. Asked what prevented him from stopping, he replied, "That is something I don't know myself." He admitted that when he pulled out to pass the flare he had to increase his speed to about thirty-five miles an hour ("give her the gun") to avoid colliding with two cars coming in the opposite direction.

The defendant wished it to be understood that he judged that the flare indicated the presence of a frost heave, but said in reply to a question by his own counsel, "Well, it might be a hole; it might be a broken down car. It might be most anything."

His counsel complains that Cloutier was "trapped" because there was only one flare instead of the three usually put out for a stalled truck. If there was a "trap," it could be found that he ought to have known it was a "trap," and that with reckless disregard of probable consequences he nevertheless drove into it at a high speed, or under such circumstances that he had to accelerate his speed greatly, so that he could not guard against whatever dangers might be there. A finding of his gross negligence was warranted.

The jury were instructed, subject to his exception: "If you find that the defendant drove his car with great speed into a place where he could not see what was ahead and where obstacles were reasonably to have been expected, and such conduct falls but little short of such reckless disregard of probable consequences as would be considered wanton and reckless, he would be guilty of gross negligence." This instruction was based on the authority of *Cole* v. *Morse*, 85 N. H. 214, 217.

The defendant seeks to distinguish this case by saying that there was persistence in the case cited, while he did not persist for a long period of time in entering and continuing in the zone of danger. He relies on the case of *Lynch* v. *Company*, 294 Mass. 170, where the first notice the defendant had of possible danger was a warning from a passenger just as he was about to crash into a truck. The inattention in that case was only momentary. That case in turn is distinguished from the one before us. Cloutier was warned by Miss Bergeron, "There is a little light." He replied, "Shut up, I am driving the car," and kept on. He saw the flare ahead and knew it denoted danger, "most anything." He also saw the cars approach-

ing in the opposite direction.   He swung to his left to pass the flare, and continued past it under such conditions that he had to enter the dark area of danger at a high speed, and this whether his own story be taken, or that of the passengers.   He was not suddenly faced with a danger too late to avoid it.   He had ample time to act for the protection of his passengers.   Upon his own admission, it might be found that he could have stopped before he reached the flare, even after he recognized its presence and the danger it denoted of "most anything."   But he persisted in going ahead.   As applied to the facts of this case, the charge was correct.   A deliberate driving into danger could be found.

*Judgments on the verdicts.*

**All concurred.**